FILED

JAN 27 2014

Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DONALD MELVIN HENSLEY, III, Defendant. | Cause No. CR 08-19-GF-BMM |
| DONALD MELVIN HENSLEY, III, Plaintiff, vs. UNITED STATES OF AMERICA, Defendant. | Cause No. CV 14-03-GF-BMM |

**ORDER DENYING MOTION FOR CERTIFICATE OF INNOCENCE**

On January 20, 2014, Defendant Hensley, acting through counsel Carl Jensen, moved the Court to issue a certificate of innocence under 28 U.S.C. § 2513. Hensley filed the motion in the criminal case. Because "[a] certificate of innocence serves no purpose other than to permit its bearer to sue the government for damages – a quintessentially civil action," *Betts v. United States*, 10 F.3d 1278,

1

1283 (7th Cir. 1993), a civil file will be opened for administrative purposes only.

It is clear that Hensley's failure to register in Montana as a sex offender between November 2007 and January 2008 did not constitute an offense against the laws of the United States. *Reynolds v. United States*, __ U.S. __, 132 S. Ct. 975, 984 (2012); *United States v. Valverde*, 628 F.3d 1159, 1169 (9th Cir. 2010). But, to obtain the certificate, Hensley "must allege and prove" (1) that his actions or omissions in connection with the federal offense also did not constitute a crime against the laws of "any State," and (2) that he "did not by misconduct or neglect cause or bring about his own prosecution." 28 U.S.C. § 2513(a)(2); *see also Betts*, 10 F.3d at 1283 (noting that § 2513 was "meant to provide compensation only to those who can show that they are innocent of *any* criminal offense" (emphasis added)).

Following a careful review of the record, it is clear that Hensley cannot carry his burden of proof. *See United States v. Graham*, 608 F.3d 164, 169-70 (4th Cir. 2010); *United States v. Racing Servs., Inc.*, 580 F.3d 710, 713 (8th Cir. 2009). He was convicted at bench trial on stipulated facts. He stipulated both that he was convicted of a sex offense under state law and that he knowingly failed to update his registration when he changed his residence from Washington (via Utah) to Montana. Stipulated Facts (Doc. 35) at 1-2 ¶¶ 1, 3-4.

2

Hensley is bound by his stipulations in the criminal action. *United States v. Zepeda*, 738 F.3d 201, 207 (9th Cir. 2013); *United States v. Gwaltney*, 790 F.2d 1378, 1386 (9th Cir. 1986). Although the United States has not yet responded to Hensley's motion and Hensley has not submitted evidence, there is no need to draw out the proceedings. The Court cannot certify that Hensley's failure to register did not violate the law of any State.

Moreover, by registering for the first time in Montana after he was arrested on the federal charge on January 30, 2008, *see* Warrant Return (Doc. 5) at 1, Hensley acknowledged by his conduct that he was required to register when he moved to Montana in November 2007. Presentence Report ¶ 8; *see also* Sentencing Tr. (Doc. 58) at 3:17-4:1; Presentence Report Addendum (both noting no objections by defendant); Mont. Code Ann. § 46-23-504(1)(c) (2007). The Court also cannot certify that Hensley "did not by misconduct . . . bring about his own prosecution." 28 U.S.C. § 2513(a)(2).

Consequently, while Hensley's failure to register constituted no offense against the laws of the United States, the Court cannot make the additional required findings. Hensley is not entitled to a certificate of innocence.

Accordingly, IT IS HEREBY ORDERED that Hensley's motion for a certificate of innocence (Doc. 65) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall close the civil file by entering judgment in favor of the United States and against Hensley.

DATED this 24th day of January, 2014.

Brian M. Morris
United States District Court